### BOLLES *v.* VALENTINE & CO.

(*Common Pleas of New York City and County, General Term.*    December 3, 1888.)

SALE—BY SAMPLE—ACTION FOR PRICE—RETENTION BY PURCHASER.

Where goods are sold by sample without any representation as to their condition, and are accepted and retained by the purchaser, the facts that they are not properly packed, and that the brands on the cases have been effaced, constitute no defense to an action for the price; the defects complained of being patent on first inspection.

Appeal from trial term; JOSEPH F. DALY, Judge.

Action by Thomas N. Bolles against Valentine & Co., a corporation, for the price of 900 cases of Kauri gum.    Plaintiff obtained judgment.    Defendant appealed.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*Dillaway, Davenport & Leeds*, for appellant.  *Knox & Woodward*, for respondent.

VAN HOESEN, J.  The case was fairly and fully submitted to the jury, who found that the gum delivered was fully up to the sample that was examined by the defendant when he made the purchase.  There is no doubt that the sale was by sample.  The defendant never offered to return the gum, which rose in market price after he received it.  His great effort at the trial was to show that the gum came in cases that bore certain marks indicative of the packing of the gum in New Zealand, and that a part of the gum had been repacked by the defendant in the city of New York, which repacking he contended diminished the market value of the article.  But there was nothing to prove that the defendant bought, or thought he was buying, goods, the value of which depended upon the marks on the cases.  On the contrary, the defendant himself, in his testimony, said: "I told [the plaintiff] that I had come to buy some gum.  He took me to some cases that were open, and showed me eight or ten cases.  I said: 'I don't care for those; these three are about what I want.'  He asked me to go upstairs, and have some turned out so that I could see it.  I said: 'I see what is here, and I am in a hurry; send me over five cases of each of these three.'  He did so that afternoon.  I looked at those cases in connection with eight or ten other lots, but did not open them, nor turn them out.  On the afternoon of the 16th I went in, but Bolles was not there.  I told them to book me 1,000 cases."  It is obvious that the cases were not bought by their marks, and that no representation was made that the gum had not been repacked after its arrival in New York.  When the gum was delivered, the defendant wrote to the plaintiff: "Every case of the T. N. B. 'i' and of the T. N. B. 'g. o.' has been opened, and bunglingly renailed; many of the brands have been scraped off and rebranded; and the gum itself has been badly mixed with very inferior low-grade gum.  The 100 cases T. N. B. 'e' we have as yet found nothing to complain of."  The opening of the cases, the careless renailing of them, and the alteration of the brands were open to view, and the mixing of the gum could be discovered on the slightest examination; and yet the defendant, thinking that notwithstanding the condition of the article he had made a good bargain, never offered to return the gum, or to rescind the purchase.  The jury has found that the bulk of the gum was equal to the sample, and there was, therefore, no breach of the warranty implied in a sale by sample.  The defects in the packing and the brands were visible to any eye.  Not a word was said in the negotiations for the sale respecting the marks on the cases, or the repacking of the gum after its arrival in New York.  The defendant accepted and kept the gum.  All these facts are indisputable.  Under these circumstances, of what consequence was it that repacking impaired the market price of the gum, and that certain marks on the cases indicated that the gum had been packed in New Zealand?  It does not need the citation of authorities to support the judgment that was given for the plaintiff.  Judgment affirmed, with costs.